IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FLEET SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | 8:07CV08 |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| FEDERAL COACH, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on defendant Federal Coach, LLC's ("Federal Coach" or "the Company") motion to dismiss or to strike, Filing No. 38. In its amended complaint, Filing No. 22, plaintiff Fleet Systems, Inc. (hereinafter, "Fleet " or "the dealer") alleges breach of contract, violations of the Automobile Dealers Day in Court Act ("ADDCA"), 15 U.S.C. § 1221(a), and tortious interference with a business relationship.[1] Fleet sells new and used motor vehicles, specializing in sales of hearses and limousines to the funeral industry. Federal Coach, LLC manufactures funeral vehicles. This action was originally filed in state court, but was removed pursuant to 28 U.S.C. § 1441. Jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332, as well as the existence of a federal question under 15 U.S.C. § 1222 and 28 U.S.C. § 1367.

Federal Coach moves to dismiss Fleet's claims. It contends that Fleet is not covered by the act. It first contends that Fleet seeks to recover under a course of dealing and not a written contract. It also alleges that Fleet does not sell passenger cars, trucks or station wagons, and has not alleged facts sufficient to amount to a lack of good faith

---

[1] Fleet has abandoned its claim for violations of the Arkansas Motor Vehicle Commission Act, Ark. Code Ann. § 23-112-403 ("AMVCA").

under the act. Federal Coach also asserts that Fleet has failed to state a claim for breach of contract or for tortious interference with business relationships. It also moves to strike Fleet's claim for attorneys' fees. Fleet does not object to striking its request for fees.

In reviewing a complaint on a Rule 12(b)(6) motion, the court must consider all of the facts alleged in the complaint as true, and construe the pleadings in a light most favorable to the plaintiff. *See, e.g., Brotherhood of Maint. of Way Employees v. BNSF R.R.*, 270 F.3d 637, 638 (8th Cir.2001). "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). A dismissal under Rule 12(b)(6) is therefore granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999).

To state a claim for an ADDCA violation, a plaintiff must allege: (1) that the plaintiff is an automobile dealer; (2) that the defendant is an automobile manufacturer engaged in commerce; (3) that there is a manufacturer-dealer relationship embodied in a written franchise agreement; and (4) that the defendant manufacturer failed to act in good faith, thereby injuring the plaintiff dealer. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 93 (3rd Cir. 2000). The ADDCA defines the term "good faith" as "the duty of each party to any franchise . . . to act in a fair and equitable manner toward each other so as to guarantee the one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party. . . ." 15 U.S.C. § 1221(e).

Taking the allegations of the complaint as true, the court finds that Fleet has alleged

sufficient facts to withstand a motion to dismiss. Accordingly, the court finds Federal Coach's motion should be denied.

IT IS ORDERED;

1. Defendant's motion to dismiss or to strike is denied in part and granted in part; the motion to dismiss is denied; the motion to strike Fleet's prayer for attorneys' fees is granted.

2. Defendant shall answer or further plead within 10 days of the date of this order.

DATED this 9th day of May, 2007.

                                      BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      Chief United States District Judge