IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FLEET SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | 8:07CV08 |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| FEDERAL COACH, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court after a hearing on plaintiff Fleet Systems, Inc.'s (hereinafter, "Fleet " or "the dealer") motion for a preliminary injunction. This is an action for breach of contract, tortious interference with a business relationship and violations of the Automobile Dealers Day in Court Act ("ADDCA"), 15 U.S.C. § 1221(a). Plaintiff Fleet Systems, Inc. sells new and used motor vehicles, specializing in sales of hearses and limousines to the funeral industry. Defendant Federal Coach, LLC ("Federal Coach" or "the Company") manufactures funeral vehicles. This action was removed from state court pursuant to 28 U.S.C. § 1441. Jurisdiction is premised on 28 U.S.C. §§ 1331 and 1332.

The extraordinary remedy of a preliminary injunction should not be granted unless the movant has demonstrated: (1) the threat of irreparable harm to it; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that it will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113-14 (8th Cir.1981) (en banc). In applying *Dataphase*, no single factor is determinative, although the failure to demonstrate the threat of irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction. *See Adam-Mellang v. Apartment Search, Inc.,* 96 F.3d 297,

299 (8th Cir. 1996); *see also Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir. 1989); *Glenwood Bridge, Inc. v. City of Minneapolis,* 940 F.2d 367, 371 (8th Cir. 1991) (characterizing threat of irreparable harm as a threshold inquiry).

By previous order, this court entered a temporary restraining order requiring the parties to continue the contract, Ex. A to plaintiff's complaint, in force until further order of the court and to perform in accordance with the parties' prior practice, that is, a dealer discount in an amount comparable to that applied to invoices governed by the 2006 contract and no sales specific territorial marketing assessments shall be applied to all of Fleet's sales. At that time, the court found, applying the *Dataphase* factors, that Fleet had shown it was entitled to preliminary temporary injunctive relief. The evidence submitted to the court at the preliminary injunction hearing does not change that conclusion. Federal Coach's proposed discounting program would effectively eliminate approximately two-thirds of Fleet's customer base and sales. Based upon the evidence adduced at the hearing, the court will adhere to its earlier findings.

Fleet Systems has shown that it will suffer irreparable harm without the injunction. A damage remedy will not be adequate to redress the potential injury to Fleet. Fleet has also shown probability of success on the merits of its breach of contract claim. In light of that conclusion, the court need not address the merits of Fleet's other claims. The court finds, however, that injunctive relief should not extend beyond the expiration of the purported contract, which would expire on November 24, 2007, assuming Federal Coach were to provide written notice of its intention not to renew that contract thirty days before the expiration date. In balancing the harm of granting the injunction, Federal Coach will not be appreciably harmed by an injunction of such short duration.

Accordingly, for the reasons stated in its earlier opinion, the court finds the temporary restraining order presently in effect should be extended to no later than November 24, 2007. A hearing to determine whether an extension of the injunction is warranted will be scheduled approximately sixty days prior to November 24, 2007. Additionally, this matter will be progressed to trial on an expedited basis.

IT IS ORDERED:

1. An injunction in accordance with this Memorandum Opinion will issue this date;

2. This matter is set for hearing on **August 3 2007, at 9:30 a.m.,** Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska;

3. This matter is referred to the magistrate for expedited progression.

DATED this 9th day of May, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge