IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FLEET SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV08 |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL COACH, LLC, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court following an injunction hearing held on August 10, 2007. The court previously entered an injunction requiring the parties to continue the contract, and the court found that injunctive relief should not extend beyond the expiration of the purported contract, which would expire on November 24, 2007. Filing No. 53. Defendant filed a motion to increase bond, Filing No. 56, and at the August 10, 2007, injunction hearing, defendant withdrew this motion and the court accepted defendant's withdrawal.

Before the court at the injunction hearing was plaintiff's motion for temporary restraining order ("TRO") and temporary injunction, Filing No. 88. Plaintiff asks that the court enter a TRO prohibiting defendant from terminating or failing to renew the parties' 1992 sales agreement without permission from the Nebraska Motor Vehicle Industry Licensing Board ("Board"). Nebraska's motor vehicle licensing law provides that no franchisor shall terminate or refuse to continue any franchise unless the franchisor has first applied for permission from the Board and established in a hearing that the franchisor has good cause for termination or noncontinuance. Neb. Rev. Stat. §§ 60-1420 (1), 60-1424 (2006). Alternatively, having provided good and sufficient evidence to the board, a franchisor may terminate a franchise without such hearing "(a) for a particular line-make if the franchisor discontinues that line-make, (b) if the franchisee's license as a motor

vehicle . . . is revoked . . . , or (c) upon a mutual written agreement of the franchisor and franchisee." Neb. Rev. Stat. § 60-1420 (2) (2006).

Nebraska's motor vehicle licensing law defines a "franchise" as

a contract between two or more persons when all of the following conditions are included:

>    (a) A commercial relationship of definite duration or continuing indefinite duration is involved;
>
>    (b) The franchisee is granted the right to offer and sell motor vehicles manufactured or distributed by the franchisor;
>
>    (c) The franchisee, as an independent business, constitutes a component of the franchisor's distribution system;
>
>    (d) The operation of the franchisee's business is substantially associated with the franchisor's trademark, service mark, trade name, advertising, or other commercial symbol designating the franchisor; and
>
>    (e) The operation of the franchisee's business is substantially reliant on the franchisor for the continued supply of motor vehicles, parts, and accessories[.]

Neb. Rev. Stat. § 60-1401.02 (20) (2006).

Plaintiff contends that as a franchisee, defendant has not sought or obtained permission of the Board to refuse to renew the sales agreement, and that notice of non-renewal is in violation of Nebraska's licensing law and constitutes a breach of the parties' sales agreement. According to plaintiff, it will suffer irreparable harm if the injunction is not granted or continued. Plaintiff argues that defendant has repeatedly represented to the State of Nebraska that plaintiff is its only Nebraska franchise. Plaintiff asserts that both it and defendant have voluntarily submitted themselves to the jurisdiction of the Board by seeking a license, and have been actively regulated by the Board. Additionally, plaintiff maintains that defendant sells cars to the general public as a licensed motor vehicle dealer, and is thus subject to Nebraska's motor vehicle licensing law.

2

Defendant, however, maintains that Nebraska's motor vehicle licensing law only applies if a dealer falls within the definition of "franchisee" in the statute. "Franchisee" is defined in the motor vehicle licensing law as "a new motor vehicle dealer who receives motor vehicles from the franchisor under a franchise and who offers and sells such motor vehicles to the general public." Neb. Rev. Stat. § 60-1401.02 (21) (2006). Defendant contends that by this definition, plaintiff is not a franchisee because it has not made the necessary type of investments, and nor does it have the requisite type relationship with defendant. Specifically, defendant asserts that plaintiff does not sell motor vehicles to the general public in Nebraska and is not, therefore, a "franchisee."

The Nebraska licensing law includes a declaration of intent which provides that the distribution and sale of motor vehicles "vitally affects" Nebraska's economy, public interest, and public welfare, and that termination of a dealer without cause harms the public interest. Neb. Rev. Stat. § 60-1401.01 (2006). Defendant maintains that by this provision, Nebraska's licensing law does not apply because plaintiff does not impact Nebraska's community. Defendant argues that plaintiff sells motor vehicles to independent funeral home operators rather than Nebraska's general public, and that few vehicles have been sold in Nebraska in the last five years. However, the evidence adduced at the injunction hearing suggests that plaintiff is authorized to sell defendant's motor vehicles to any person interested in purchasing a hearse. The court agrees with plaintiff's contention that simply because a motor vehicle dealer sells a type of vehicle ordinarily purchased by a limited segment of the market does not mean that the dealer does not sell to the "general public" within the meaning of Nebraska's licensing law.

Having heard the arguments, viewed the evidence, and being fully advised of the law in this case, the court finds that the relationship between plaintiff and defendant meets the requirement of a "franchise." Specifically, the court notes that a commercial

relationship of definite duration or continuing indefinite duration exists between the parties; plaintiff is granted the right to offer and sell motor vehicles manufactured or distributed by the defendant; plaintiff, as an independent business, constitutes a component of the defendant's distribution system; the operation of the plaintiff''s business is substantially associated with the defendant's trademark, service mark, trade name, advertising, or other commercial symbol designating the plaintiff; and the plaintiff's business is substantially reliant on the defendant for the continued supply of motor vehicles, parts, and accessories. *See* Neb. Rev. Stat. § 60-1401.02 (20) (2006).

Having found that a franchise exists, the court then finds that Nebraska's motor vehicle licensing law applies. As such, the termination of a franchise is dependent on permission from the Board and an applicable hearing. Because defendant, the franchisor, has not applied for such permission and a hearing has not been held, the court finds that the TRO should continue until such time as the parties comply with Nebraska law. As such, the TRO remains in effect, Filing No. 88 is denied as moot, and the parties are ordered to notify the court when the Board takes any action in this case concerning the franchise agreement at issue.

Also before the court is pending motion Filing No. 91. In this motion, defendant seeks leave to file supplemental evidence in support of defendant's opposition to plaintiff's motion to compel, Filing No. 71. At the hearing, plaintiff asserted that it took no issue with the motion. The court finds that defendant's motion should be granted and is deemed filed instanter.

IT IS THEREFORE ORDERED that

1. Defendant's withdrawal of Filing No. 56 is granted;
2. The injunction entered in accordance with the court's previous Memorandum Opinion, Filing Nos. 53 & 54, is ordered to continue and remain in place

        subject to the terms set forth herein;

3.     Plaintiff's motion for temporary restraining order and preliminary injunction, Filing No. 88, is denied as moot;

4.     Defendant's motion for leave to file supplemental evidence, Filing No. 91, is granted and deemed filed instanter.

DATED this 17th day of August, 2007.

                                BY THE COURT:

                              s/ Joseph F. Bataillon
                              JOSEPH F. BATAILLON
                              Chief District Judge